H. D. BENNETT ET AL. (RAILROAD COMMISSION OF TEXAS) V. SUN OIL COMPANY.

No. 6728.   Decided June 12, 1935.
Rehearing overruled November 27, 1935.
(84 S. W., 2d Series, 693.)

*Ramey, Calhoun & Marsh,* of Tyler, *James V. Allred,* Attorney General, *Maurice Cheek,* Assistant Attorney General, for plaintiffs in error.

*E. E. Townes, Hines H. Baker, Rex G. Baker, R. E. Seagler,* all of Houston, *T. L. Foster* and *J. W. Timmins,* both of Dallas, *Powell, Wirtz, Rauhut & Gideon,* and *J. A. Rauhut,* all of Austin, for defendant in error.

*Robt. B. Keenan,* of Tyler, *Robert E. Hardwicke,* of Fort Worth, *J. B. Robertson, Dan Moody* and *Thos. B. Greenwood,* all of Austin, and *Mr. and Mrs. C. S. Bradley,* of Groesbeck, filed arguments as amicus curie.

MR. JUSTICE SHARP delivered the opinion of the court.

We quote from the opinion of the Court of Civil Appeals the following:

"This appeal is from an order of the district court of Travis county denying appellant's application for a temporary injunction to restrain the appellees Bennett, Ryan, and Scheultz from drilling three wells on a strip of land in Rusk County, Texas, 33 feet wide and 3,342 feet long, containing 2.59 acres, and to set aside the order of the Railroad Commission granting permits for said wells. Pending a determination of this appeal, this court entered on September 29, 1933, a temporary restraining order, restraining appellees from drilling wells Nos. 1 and 3 authorized by the Railroad Commission. This order did not, however, relate to well No. 2, near the center of the tract."

After setting out the facts relating to the partition of the principal tract out of which this small tract was carved, it was further said:

"It may also be noted that a suit is now pending on appeal in the Court of Civil Appeals at Texarkana wherein appellant contends, and which contention was decided against it by the trial court in that case, that its lease from Malinda Schuler and son in fact covers the strip here in controversy. But by written agreement, and to avoid a receivership, it was agreed, among other things, that, pending the outcome of the suit, appellees, subject to appellant's right to protest their application therefor, might drill such wells on said strip of land as the Railroad Commission would grant them permits for. The permits herein attached were granted to appellant by the Railroad Commission on July 12, 1933, without notice to appellant, and without a hearing, and recited that same were granted to protect vested rights under exceptions to Rule 37 of the Railroad Commission." 68 S. W. (2d) 609, 610.

The suit referred to as pending in the Court of Civil Appeals at Texarkana reached this Court, and in cause No. 6875, Sun Oil Co. v. H. D. Bennett et al., reported in 125 Texas, 540, 84 S. W. (2d) 447, judgment was rendered that the mineral lease held by the Sun Oil Co. included the 2.59 acres of land involved here, and, furthermore, that Bennett, Ryan, and Scheultz had no title or interest in the minerals thereunder. We refer to the opinions rendered in the two cases mentioned above for a full statement of the facts involved in the two suits. Since it has been held that Bennett, Ryan, and Scheultz own no title or interest in the oil and gas in and under the 2.59 acres of

land on which permits to drill were obtained, it would be useless to discuss Rule 37 here.

The judgment of the Court of Civil Appeals, reversing the judgment of the trial court, and granting a writ of injunction, as described therein, is affirmed.

Opinion delivered June 12, 1935.

Rehearing overruled November 27, 1935.