**F. T. BIDDLE et al., Appellants,**

v.

**BOARD OF ADJUSTMENT, VILLAGE OF SPRING VALLEY, Appellees.**

No. 13271.

Court of Civil Appeals of Texas. Houston.

Sept. 11, 1958.

Rehearing Denied Oct. 2, 1958.

George Red, Pat N. Fahey, Houston, for appellants.

Walter L. Sutherland, Thomas E. Hines, Houston, for appellees.

WERLEIN, Justice.

This suit was brought by F. T. Biddle et al. as a certiorari proceeding, under Article 1011g, Vernon's Annotated Texas Civil Statutes, against the Board of Adjustment of the Village of Spring Valley, and by amended petition also against the Village of Spring Valley, to review and reverse the decision of said Board denying relators (appellants) a permit to build a Mexican restaurant on Lots 1 and 2 of Block A of Forest Retreat, Section 1, in Harris County, Texas, and, in the alternative, to enjoin said village from interfering with the construction of such building. Said lots are situated in a district of the Village of Spring Valley designated by the zoning ordinance adopted by said village as Class A, a one-family dwelling residential district. The case was tried to the court without a jury, and at the conclusion of appellants' evidence the court, on appellees' motion, entered judgment that appellants take nothing and that appellees (respondents) go hence with their costs. From such judgment appellants have perfected their appeal to this Court.

Appellants' Points of Error One, Three, Four, Five, Six and Seven, briefed together, are to the effect that the trial court erred in the following particulars: (1) in granting appellees' motion for judgment since appellants had made a prima facie case, (2) in its Finding of Fact No. 8 that the Village of Spring Valley had duly enacted a comprehensive zoning ordinance on April 2, 1956, restricting appellants'' property for residential purposes only, because said ordinance was not introduced in evidence and was not shown to have been published, (3) in its Conclusion of Law No. 1 that such zoning ordinance did not unconstitutionally divest relators of vested rights, nor impair the obligation of the contract between relators, nor deprive them of their property without due process of law, because there was no basis for such conclusion since the zoning ordinance was not in evidence without proof of its publication, (4) in its conclusion of law No. 2 that relators' evidence was insufficient to show that the zoning ordinance was not a valid exercise of the police power, and (5) in its conclusion of law No. 3 that relators failed to show themselves entitled to any relief, because appellees offered no evidence of the publication of said zoning ordinance and the same was not before the court.

Appellants in their original petition, after alleging the adverse action of the Board of Adjustment and the facts which they claimed entitled them to an authorization of special exception under Section 15B of the zoning ordinance in question, prayed the court to issue a writ of certiorari to the

Board of Adjustment to review the decision of such Board. The court, upon presentment of appellants' petition, ordered that such writ issue commanding said Board to return into the court "certified or sworn copies of the papers acted on by it in connection with relators' application." Pursuant to such order said Board of Adjustment filed on September 10, 1956, its certified return on said writ, containing all papers acted on by it including appellants' exhibits A to E, inclusive, attached to their petition, and the zoning ordinance in question which had in part been pleaded by appellants. At no time did appellants object or except to the inclusion of such ordinance in the return filed by appellees.

During the trial appellants' counsel made statements calculated to inform the court of the passage of said zoning ordinance and of the fact that it forbids the issuance of the building permit applied for. Such statements and stipulations are as follows:

"Q. Was this application made after the Zoning Ordinance had been passed, the one in May of '56? A. I don't know for sure, Mr. Red. I think it was, but I don't know for sure.

"Q. I see.

"Mr. Red: Do you want me to stipulate the date of the Zoning Ordinance?

"Mr. Sutherland: Yes.

"Mr. Red: Would you tell us the date of the Zoning Ordinance?

"Mr. Sutherland: April 2, 1956.

"Mr. Red: We stipulate it was—April the what?

"Mr. Sutherland: April the 2nd.

"Mr. Red: April the 2nd, 1956.

"We will further stipulate that the Zoning Ordinance, without its meaning that we are bound by it, that it forbids the issuance of the permit.

"The Court: That is all right.

"Mr. Red: Except under the exceptions that are stated there. I believe that is all.

■ At no time during the trial did appellants so much as hint that there was any question as to the validity of the ordinance on the ground that publication thereof had not been proven. Their testimony was to the effect that they were ready to proceed with the erection of the contracted building if they got the permit from the city and the necessary legal authority to do so. Having tried the case on the assumption that the ordinance was valid and having pleaded the ordinance and compliance with its provisions, and having requested authorization for a special exception thereunder and agreed as to its date of passage and the fact that it forbids the issuance of the permit applied for, appellants will not now for the first time on appeal to this Court be permitted to raise the question as to the publication of such ordinance. See Red River Valley Publishing Co. v. Bridges, Tex.Civ.App., 254 S.W.2d 854, 861 (writ ref.), in which the Court said:

"Here, under the evidence recited in the original opinion, as well as the record as a whole, the case was tried by both parties on the theory that the Red River Valley Publishing Company, Inc., published the Sherman Democrat. Under such record the point that it did not so publish the Sherman Democrat, not contained in its motion for instructed verdict, cannot be sustained. [Rules of Civil Procedure] Rule 268, V.A.C.S."

■ The present case was tried on the theory that there was a valid existing zoning ordinance but that appellants were entitled to an exception. "It is an established principle of appellate review that parties are restricted to the theory on which the case was tried in the court below." 3-A Tex.Jur., Sec. 136, p. 168.

The cases cited by appellants in support of their contention that the ordinance in question never took effect are distinguishable. In Texas Traction Co. v. Scoggins, Tex.Civ.App., 175 S.W. 1128, writ refused, on motion for a new trial the appellant contended that the ordinance which the jury found appellant had violated had been repealed by the enactment of a subsequent ordinance on the same subject. Opposing such motion the appellee produced proof that the subsequent ordinance had never been published. Upon such showing, the court overruled appellant's motion. In Woodruff v. Deshazo, Tex.Civ.App. Amarillo, 181 S.W. 250, the defendant in the trial court relied upon a penal ordinance as a defense. The plaintiff objected to its admission until publication was proven. The court properly sustained the objection.

■ In the instant case, appellants did not plead nor contend in the trial court that the ordinance had not been published nor was there any evidence with respect thereto. Although the ordinance was not formally introduced in evidence, it was included in the verified return on the writ of certiorari and was a part of the record. It was considered by the trial court as indicated by the court's Finding No. 8. At no time did appellants object to the court considering the ordinance as a part of the verified return along with the evidence introduced, as the court was required to do in order to pass upon the issues in the case. City of San Angelo v. Boehme Bakery, 144 Tex. 281, 190 S.W.2d 67. An objection to the admission of evidence, to be available in the appellate court, must have been timely made. 3-A Tex.Jur., Sec. 166, p. 213. Moreover, appellants' conduct in the trial court with respect to the ordinance would virtually amount to entrapment of the court were they now permitted to question its validity on the ground publication was not shown.

Appellants, while admitting the power of cities to enact zoning ordinances, contend that the trial court erred in its conclusions of law Nos. 1, 2 and 3, on the ground that the ordinance in question unconstitutionally divested appellants of vested rights and impaired the obligation of their contract, and also because the court concluded that appellants had wholly failed to show themselves entitled to any relief, the burden of proof being upon them to show that the enactment and enforcement of such ordinance was not a valid exercise of the police power. The entire argument of appellants is based upon their contention, hereinabove considered, that publication of the ordinance was not shown.

Appellants, having brought their suit under Article 1011g, V.A.T.S., were required by Sec. 3 thereof to specify the grounds of illegality of the decision of the Board of Adjustment appealed from by them. They never specified any failure to publish the ordinance in question. They did allege that prior to the passage and approval by the Village of Spring Valley of said ordinance they had entered into a contract whereby appellant Biddle agreed to build a Mexican Restaurant on the lots in question and appellant Ganim agreed to purchase said lots. Prior to the incorporation of the village and the enactment of the zoning ordinance, some stakes and batter boards were placed on the lots to mark building and property lines, but there was never any construction on the lots nor any nonconforming use made thereof.

■ Appellants' said contract was not unconstitutionally impaired if the ordinance as respects their property was a valid exercise of the police power. 16 C.J.S. Constitutional Law § 281, page 1290. The state, in the exercise of its police power, may "prohibit the continuance in the future of those things already in existence which are so injurious to the rights and interests of its citizens generally as to justify such an exercise of the power whether the continuance of the things is provided for by contract or not." State v. Missouri, K. & T. Ry. Co. of Texas, 99 Tex. 516, 91 S.W. 214, 220 (Tex.Sup.Ct. on certified ques-

tions). Our courts have held zoning ordinances are valid exercises of the police power, and no person can by voluntary act acquire any right which would impair the right of government to exercise such power. Lombardo v. City of Dallas, 124 Tex. 1, 73 S.W.2d 475; Sun Oil Co. v. Railroad Commission, Tex.Civ.App., 68 S.W.2d 609, affirmed Bennett v. Sun Oil Co., Sup., 84 S.W.2d 693. See also Henderson Co. v. Thompson, 300 U.S. 258, 57 S.Ct. 447, 451, 81 L.Ed. 632, in which the Court, applying Texas law, stated:

"The statute here challenged is not directed against any term of any contract. It deals merely with the use of an article of commerce; and its effect upon contracts is incidental. The distinction was pointed out by the district court, which said that the Constitution of the State of Texas 'has never been held to avoid a police statute dealing directly with physical things in the interest of the public welfare, and touching contractual relationships only incidentally as they may have attached to those physical things prior to the passage of the statute.' [Henderson Co. v. Thompson, D. C.] 14 F.Supp 328, 334. That ruling accords with constitutional doctrine long established in this and other courts."

■ We have concluded that although the zoning ordinance may incidentally affect appellants' contract, it does not unconstitutionally impair its obligation nor does it divest appellants of their property or rights without due process. The ordinance preventing the construction of a building for commercial use on appellants' lots zoned solely for residential use is not unreasonable, oppressive or arbitrary, as contended by appellants. It constitutes a valid exercise of the police power lodged in the Village of Spring Valley.

■■ Appellants' Point Two is to the effect that the court erred in rendering judgment for appellee because the facts proved by appellants presented a hardship

case under that part of Article 1011g reading:

"3. To authorize upon appeal in specific cases such variance from the terms of the ordinance as will not be contrary to the public interest, where, owing to special conditions, a literal enforcement of the provisions of the ordinance will result in unnecessary hardship, and so that the spirit of the ordinance shall be observed and substantial justice done."

The evidence showed the purchase contract between appellants and the conveyance of the lots from Biddle to Ganim, that plans were drawn for the building and the ground had been staked and batter boards had been placed on the lots, and that appellants were willing to fulfill their contract. The lots were not restricted to residential use by the developers of the addition but adjoined lots so restricted and were later zoned as residential lots by the ordinance in question. Spring Branch High School is just across the street from such lots. Appellants contend that these facts and those related hereinabove entitle them to a variance under Article 1011g, Sec. 3, and especially so since appellees did not introduce any testimony that the proposed restaurant would interfere with the health, safety, morals or general welfare of the community. Appellants admit in their brief that the ordinance makes no provision for a variance and that in their appeal though they prayed for an exception they were really asking for a variance. They rely heavily on the case of City of West University Place v. Ellis, 118 S.W.2d 907, decided by this Court and affirmed by the Commission of Appeals, opinion adopted by Texas Supreme Court, 134 Tex. 222, 134 S.W.2d 1038, 1041.

The facts in the Ellis case are quite different from those in the instant case. In that case it was proven that the lot in question was practically worthless as residential property, that a residence thereon would have to be located within a few feet of a drug store and liquor store, and prac-

tically on the brink of a deep drainage ditch carrying a considerable flow of water. Moreover, such lot faced upon a principal thoroughfare and a residence thereon would be subjected to the annoyance of a constant stream of traffic. The Commission of Appeals through Judge German stated:

"While mere inconvenience and depreciation in value are not sufficient within themselves to constitute unreasonableness, yet it is settled that when depreciation in value is such as to make the property practically worthless for the designated use, this constitutes confiscation."

In the present case there is nothing in the record to indicate that the lots in question are less suitable or valuable as residential property than commercial. They were not only zoned as residential property but they adjoin property both restricted and zoned for residential use. There is no property in close proximity used for commercial purposes. In our opinion appellants wholly failed to show that the action of the Village of Spring Valley and the Board of Adjustment, in passing the zoning ordinance in question and in refusing the permit applied for, was arbitrary, unreasonable, or a clear abuse of power. See Town of Ascarate v. Villalobos, 148 Tex. 254, 223 S.W.2d 945, 950, in which the court stated:

"The action of the governing body of a city in passing an ordinance is final and conclusive, and cannot be revised by the courts, *unless it is clearly made to appear that their action was arbitrary, unreasonable, and a clear abuse of power.* Halsell v. Ferguson, supra [109 Tex. 144, 202 S.W. 317]; City of New Braunfels v. Waldschmidt, 109 Tex. 302, 207 S.W. 303, reversing Tex. Civ.App., 193 S.W. 1077; see 30 Tex. Jur., p. 125 § 59." (Emphasis by the Court)

In the Ellis case, supra, the late Justice Cody, speaking for this Court, stated [118 S.W.2d 908]:

"We sustain the judgment of the trial court. This we do, however, solely on the ground that appellee's proof must be taken to have established, as a matter of fact, that his lot was in the de facto business area of the community at the time the zoning ordinance was adopted."

In the instant case, there was no such proof.

Appellant Biddle testified that the acts which occurred in relation to the lots in question were not sufficient to notify the people in the surrounding vicinity that the property was being devoted to the use of a Mexican restaurant because he himself didn't know what it was going to be devoted to. Mere preparation for use of the property before adoption of a zoning ordinance is not enough to show a devotion of the property to that use. An "existing use" should mean the utilization of the premises so that they may be known in the neighborhood as being employed for a given purpose. See Caruthers v. Board of Adjustment of City of Bunker Hill Village, Tex.Civ.App., 290 S.W.2d 340; Appeal of Haller Baking Co., 295 Pa. 257, 145 A. 77; Fairlawns Cemetery Ass'n, Inc., v. Zoning Commission of Town of Bethel, 138 Conn. 434, 86 A.2d 74.

We are of the opinion that appellants failed to make a prima facie case for a variance under Sec. 3 of Article 1011g, V.A.T.S., as that term has been defined, and that the trial court's Findings of Fact and Conclusions of Law are amply supported by the evidence.

Appellants' Eighth and final Point is to the effect that the court erred in its Conclusion No. 4 because this suit is also against the Village of Spring Valley to enjoin it from interfering with appellants' right to build and the uncontradicted evidence of appellants was prima facie sufficient for judgment in their favor for an injunction. The court's Conclusion No. 4 was that appellants' evidence was insufficient to show that said Board of Adjustment had the authority, right or power to grant appellants

the requested permit. There would seem to be no logical connection between appellants' Point Eight and the court's Conclusion No. 4. But, regardless thereof, we find no merit in appellants' contention, and overrule the same. The same facts and questions upon which the court based its Conclusion No. 4 and other Conclusions apply with equal force to the alternative plea of appellants for an injunction against the Village of Spring Valley, and, indeed, would apply had the suit been brought solely against such village. These facts and the law applicable have been adequately covered in discussing appellants' other Points of Error, all of which are overruled.

The judgment of the trial court is affirmed.