**436**

Ellen GIPSON, Appellant,

v.

Gussie RANDALL et vir, Appellees.

No. 3630.

Court of Civil Appeals of Texas.

Waco.

May 7, 1959.

Rehearing Denied June 4, 1959.

Philip M. Shafer, Philip J. Montalbo, Houston, for appellant.

Morris Pepper, Houston, for appellees.

McDONALD, Chief Justice.

This is a suit to cancel a deed. Parties will be referred to as in the Trial Court. Plaintiff Ellen Gipson alleged that on 13 June 1955 she was the owner of a rooming house and a cafe in the City of Houston; that on such date she executed and delivered a deed to such property to the defendant herein, Gussie Randall; that immediately prior to the execution of such deed she had been given a two year sentence in the penitentiary upon a plea of guilty for murder; that she needed someone to manage and look after the rooming house and cafe properties during the time she was to be in prison; that she is unlearned and that for a long time the defendant had advised her concerning business, kept her books of account, and was a close friend of hers; that there existed a confidential and fiduciary relationship between plaintiff and defendant; that on 13 June 1955 plaintiff agreed to and did execute a deed to the property to defendant with the understanding and agreement that defendant was to look after the property while plaintiff was in prison, and upon her release from prison reconvey the property to her; that at the time of and immediately prior to the execution of said deed, defendant falsely and fraudulently represented to plaintiff that she would look after the property and reconvey it to plaintiff when she was released from prison; that such representations were false and fraudulent and made for the purpose of defrauding plaintiff out of her property; that plaintiff has been released from prison and defendant refuses to reconvey the property to plaintiff. Plaintiff prays for cancellation of the deed.

Defendant answered by general denial and alleged that she had discharged a $2,-513.18 lien to First Bancredit Corporation;

$1,250 to Roche and Williams on the property; and had expended several thousand additional dollars on the property.

Trial was to a jury, which, in answer to Special Issues, found:

1) "Do you find from a preponderance of the evidence that a confidential relationship existed between plaintiff and defendant before 13 June 1955?"

Answer: *"We do."*

2) "Do you find from a preponderance of the evidence that on 13 June 1955, just before the execution of the deed of date 13 June 1955, Gussie Randall told the plaintiff, Ellen Gipson, that she would manage the property during the time Ellen Gipson was in the penitentiary and that after she was released from the penitentiary she, Gussie Randall, would account to her for all rentals collected from said property and for all expenditures made by Gussie Randall in the keeping up of said property, and that if the expenditures exceeded the amount of the rentals from said property she, Gussie Randall, would reconvey the property to Ellen Gipson upon the payment by Ellen Gipson of the amount that the expenditures exceeded the income?"

Answer: *"We do not."*

The Trial Court entered judgment on the verdict that plaintiff take nothing. Plaintiff appeals, contending:

1) That the judgment rendered is contrary to the verdict of the jury, and is contrary to law, in that the jury found that a confidential relationship existed between plaintiff and defendant and there is no jury finding that the transaction of 13 June 1955 was a fair and reasonable transaction. It is plaintiff's contention here that since the jury found that a confidential relationship existed between the parties that it became defendant's burden to request issues on and prove that the transaction was a fair and reasonable one, and that since defendant did not do so the judgment should be set aside. Plaintiff says that because of the foregoing, Issue 2 becomes immaterial and should be disregarded by the court.

2) That the judgment is against the great weight and preponderance of the evidence and that there is no evidence of probative force to sustain the judgment.

The record reflects that plaintiff pitched her case primarily on the proposition that defendant made an agreement to reconvey the property to plaintiff when plaintiff was released from prison, and that defendant committed a fraud in not so doing. The Trial Court submitted Issue 2 inquiring whether or not she made such an agreement. There is no showing in this record that plaintiff objected to the charge of the Trial Court in anywise or that plaintiff requested that any other issues be submitted. This case was tried on the theory that defendant agreed to reconvey the property to plaintiff when plaintiff should be released from prison. It is an established principle of appellate review that parties are restricted to the theory on which the case was tried in the court below. 3-A Tex.Jur. Sec. 136, p. 168; Biddle v. Board of Adjustment, Tex.Civ.App., 316 S.W.2d 437, W/E Ref. NRE. Plaintiff's contention 1 is overruled.

Plaintiff's 2nd contention is that there is no evidence or insufficient evidence to sustain the judgment of the Trial Court. These contentions were not raised in plaintiff's motion for new trial. Nevertheless we feel constrained to state that the record discloses that plaintiff testified that defendant made the agreement to reconvey her property to her. The defendant denies making such an agreement. Other evidence is to the effect that plaintiff was trying to sell her property before reporting to the penitentiary. Plaintiff and defendant *stipulated* that after the property was conveyed to the defendant, the defendant paid off

$2,513.18 indebtedness lien on the property to the First Bancredit Corporation; $1,250 indebtedness lien on the property to Williams and Roche; $250 to E. J. Williams; $953.85 taxes; and other property expenses and repairs, all totaling $7,768.32; that $3,882 was collected as rents on the property by the defendant during the period. From the evidence before us we think that the jury were justified in reaching the answer to Issue 2 that they reached and that there is ample evidence to sustain such answer.

Under the record before us, we are unable to say that the Trial Court has committed any reversible error. The judgment appealed from is accordingly affirmed.