**LONE STAR GAS COMPANY, A DIVISION OF ENSERCH CORPORATION, Appellant,**

v.

**RAILROAD COMMISSION OF TEXAS, Appellee.**

No. 13513.

Court of Appeals of Texas, Austin.

Dec. 15, 1982.

Rehearing Denied Jan. 5, 1983.

David C. Duggins, Clark, Thomas, Winters & Shapiro, Austin, for appellant.

Mark White, Atty. Gen., J. Scott Wilson, Asst. Atty. Gen., Austin, for appellee.

Before PHILLIPS, C.J., and SHANNON and POWERS, JJ.

ON MOTION FOR REHEARING

SHANNON, Justice.

The opinion of this Court handed down on July 7, 1982, is withdrawn and the following opinion is substituted therefor.

Lone Star Gas Company has appealed from the judgment of the district court of Travis County sustaining an order of the Railroad Commission in Gas Utilities Dockets 1718 and 1758 which related to rates for natural gas service supplied by Lone Star within the City of Kaufman and its environs. Appellee is the Commission. This

Court will reverse the judgment of the district court.

The underlying economic issue in this appeal concerns the gas company's effort to minimize its claimed economic losses resulting from "regulatory lag" in the decisional process of the Commission. Regulatory lag arises from the loss in revenue experienced by a utility whose rates are in need of upward adjustment during the period between filing an application for a rate increase and the date when rate relief is granted. The longer the time required to process and pass on the application, the greater the revenue loss arising from regulatory lag. Accordingly, the time consumed in processing and deciding a rate case assumes real economic significance. Garfield and Lovejoy, Public Utility Economics, at 266 (1964).

On September 1, 1978, the gas company filed with the City its Statement of Intent to raise its rates. The City thereafter rejected the proposed rates on September 18, 1978. The gas company filed its appeal with the Commission on October 6, 1978. On November 17, 1978, the City and the gas company waived their respective rights to a formal hearing before the Commission. The Commission handed down its final order on February 11, 1980, providing that the rate increase granted the gas company would be effective as of March 8, 1979.

The gas company asserts two points of error claiming the Commission abused its discretion or acted arbitrarily and capriciously in selecting March 8, 1979, as the effective date for the rate increase granted the company by the Commission. Under its points, the gas company, in an effort to compensate for regulatory lag, argues the Commission granted it the minimum rate allowed by law and each day the Commission delayed the effective date of the new rate resulted in confiscation of its property because it was required to operate under the old, allegedly inadequate rate. Since

the rate increase was supposedly the absolute minimum, the company then insists that the Commission was required to make the rate increase effective at the earliest possible date. The company invites the Court to investigate the labyrinth of figures and factors necessary in reviewing the validity *vel non* of a rate order. Such investigation, the company suggests, is necessary to demonstrate that the rate increase granted the company was indeed the absolute minimum allowed by law. We do not regard such an investigation as necessary for the resolution of the appeal.

In our view the sole question for decision is whether the Commission abused its discretion in selecting an effective date for the new rate order. In the final analysis, the Commission defends its order by taking the position that it has discretion to select whatever date it wishes to make the new rate effective. This Court does not agree. The discretion conferred by law upon an administrative agency to set the effective date of a rate order should not be, and is not, an unbridled discretion. In other words, an agency's power to select a time to make effective its order is not absolute.

We are reminded that long ago this Court held in an appeal of this character that the Commission is empowered to make its rate order effective as of the date of the city ordinance denying the request for a rate increase. *United Gas Public Service Co. v. State,* 89 S.W.2d 1094, 1103 (Tex.Civ.App. 1936, writ ref'd).[1] On the other hand, the parties have not shown us, nor have we discovered, any cases defining the authority of the Commission to make its rate order effective prospectively.

All parties to a rate proceeding, and the public in general, are benefitted by a prompt determination of the rate proceeding. This manifest fact was recognized by the legislature in the enactment of § 16(d) of the Administrative Procedure and Texas Register Act, Tex.Rev.Civ.Stat.Ann. art.

---

1. With respect to the proposed rate increase for gas supplied to the environs of the City of Kaufman which the gas company filed originally with the Commission, the Commission has authority to make its order effective as of the date the proposed rate increase was filed with it.

6252–13a (Supp.1981). Section 16(d) of the Act provides an agency's "final decision or order must be rendered within 60 days after the hearing is finally closed. . . ." Although § 16(d) has been held to be only directory, *Railroad Commission v. City of Fort Worth,* 576 S.W.2d 899 (Tex.Civ.App. 1979, writ ref'd n.r.e.), the fact remains that the legislature intended § 16(d) to promote the proper, orderly, and prompt conduct of business by the agency. As the agency is directed by § 16(d) to hand down its order sixty days after the hearing is completed, it would seem that the same policy should require that the effective date of the order be no later than the date when the order itself was supposed to be rendered in the absence of a finding by the agency of extraordinary circumstances which justify a later date based upon evidence adduced after notice and an opportunity of the parties to address legal argument to the issue of an effective date.

In this appeal, the Commission's order granted the gas company a rate increase effective March 8, 1979, which was one hundred-ten days after the date on which the parties waived their right to a formal hearing. A formal hearing was not held because the parties agreed to submit the case on prepared testimony and exhibits.

■ In our view, based upon policy considerations of § 16(d), the *last* day the Commission may permissibly make the new rate effective in the ordinary case is: (1) sixty days after the date of formal hearing is closed or (2) in stipulated cases, such as this one, sixty days after the date the formal hearing is waived by the parties. The *earliest* date on which the Commission may authorize increased rates is the date of the city ordinance denying the request for a rate increase. *United Gas Public Service Co. v. State, supra,* or in those cases where the application for an increased rate is filed originally with the Commission, the earliest date is the date of such filing.

The Commission's usual practice, it seems, is to relate the rate increase back to the date on which its appellate jurisdiction attached.[2] Nothing we have seen in the record appears to justify the different treatment of this application from any other.

By cross-point, the Commission complains the district court erred in overruling its plea to the jurisdiction. By its plea the Commission asserted the district court lacked jurisdiction to entertain the administrative appeal because the gas company failed to file its motion for rehearing within fifteen days after rendition of the Commissions' order.

It is true, as urged by the Commission, that a timely filed motion for rehearing is required in order to perfect an administrative appeal to district court. Tex.Rev.Civ. Stat.Ann. art. 6252–13a § 16(e) (Supp. 1981); *Vandygriff v. First Federal Savings & Loan Association,* 586 S.W.2d 841 (Tex. 1979). It is the view of this Court that the gas company timely filed its motion for rehearing with the Commission.

■ The Commission's final order was handed down on February 11, 1980. The gas company's motion for rehearing was mailed to the Commission by first-class United States mail in a properly addressed and stamped envelope on February 25, 1980 (the fourteenth day after rendition of the order), and was received by the Commission on February 27, 1980 (the sixteenth day after rendition of the order).

In response to the motion for rehearing the Commission rendered an order acknowledging receipt of the gas company's motion for rehearing on February 27, 1980, and ruling that the motion was filed timely pursuant to Texas Railroad Commission Gen.Rules of Prac. and Proc., § 051.01.01.-013.

The Commission's mailing rule, referred to in the March 24th order, provides as follows:

**2.** The authority for this assertion is found in the hearing examiner's proposal for decision. As far as we have been able to determine, the

Commission has not challenged the examiner's statement.

(a) All documents relating to any proceeding pending or to be instituted before the commission shall be filed with the appropriate division. They shall be deemed filed only when actually received, accompanied by the filing fee, if any, required by statute or division rules.

(b) However, if any document is sent to the appropriate division by first-class United States mail in an envelope or wrapper properly addressed and stamped and is deposited in the mail one day or more before the last day for filing same, it shall be received by the division and deemed filed in time if received not more than 10 days tardily. A legible postmark affixed by the United States Postal Service shall be *prima facie* evidence of the date of mailing.

(c) For purposes of any responsive documents (replies to exceptions, responsive briefs, replies to motions and the like) for which the time period for filing is set in motion by the filing of another document, such initiating document shall be considered filed when actually received by the commission, whether on, before, or after the last day for filing the same.

The attorney general for the Commission persists that jurisdiction did not attach in district court because the gas company's motion for rehearing was not received, in fact, by the Commission until sixteen days after rendition of the Commission's order in violation of the fifteen day filing requirement of Tex.Rev.Civ.Stat.Ann. art. 6252–13a, § 16(e) (Supp.1981). Section 16(e) provides in part as follows:

(e) Except as provided in Subsection (c) of this section, a motion for rehearing is a prerequisite to an appeal. A motion for rehearing must be filed within 15 days after the date of rendition of a final decision or order.

Thus this Court is treated to the wondrous strange spectacle of the Commission and its counsel railing against the validity of the Commission's own rule, 051.01.01.013, and its own order, that of March 24, which expressly ruled that the gas company's motion for rehearing was timely filed.

Even should the Commission and its counsel be heard to contest the validity of its own rule and order, the district court correctly overruled the plea to the jurisdiction. The legislature by providing in § 16(e) of the Administrative Procedure and Texas Register Act for a mandatory motion for rehearing in administrative proceedings grounded its intent on provisions of Rule 324, Texas Rules of Civil Procedure, and the "motion for new trial" practice prior to subsequent amendment of the Rule by the Supreme Court, effective January 1, 1978. *United Savings Ass'n of Texas v. Vandygriff,* 594 S.W.2d 163 (Tex.Civ.App.1980, writ ref'd n.r.e.). In that case this Court held that the motion for new trial practice requiring error to be specified in the motion was carried over into the administrative motion for rehearing practice by § 16(e).

Prior to the enactment of § 16(e), Tex.R. Civ.P.Ann. 5 provided that if a motion for new trial sent to the proper clerk by first-class United States Mail in an envelope properly addressed and stamped is deposited in the mail one day or more before the last day for filing the same, it will be filed by the clerk and deemed filed in time if received by the clerk not more than ten days tardily. Like the requirement of specification of error in the motion, *United Savings Ass'n of Texas v. Vandygriff, supra,* this Court views it probable that the legislature intended to include within § 16(e) the Rule 5 feature of the motion for new trial practice. The cross-point is overruled.

The judgment of the district court is reversed, and the cause is remanded to the district court with directions that the court remand the proceeding to the Commission with instructions that the gas company's increased rate in the City of Kaufman be set effective at any date between the date of the city ordinance denying the request for rate increase and January 16, 1979; and the gas company's increased rate for the environs be set effective at any date between the time the application for increased rate was filed with the Commission and January 16, 1979.