TEXACO, INC., Appellant,

v.

RAILROAD COMMISSION OF TEXAS, et al., Appellees.

No. 14562.

Court of Appeals of Texas, Austin.

Aug. 13, 1986.

Rehearing Denied Sept. 24, 1986.

Glen E. Johnson, Austin, for appellant.

Wallace H. Scott, Frank Douglass, Richard P. Marshall, Jr., and Ray Langenberg, Austin, Jim Mattox, Atty. Gen., Jose Manuel Rangel, Asst. Atty. Gen., for appellees.

Before SHANNON, C.J., and GAMMAGE and CARROLL, JJ.

SHANNON, Chief Justice.

Texaco, Inc., seeks to set aside the judgment of the district court of Travis County which sustained an order of the Railroad Commission. TXO Production Corp. applied for and obtained a Rule 37 permit to drill a gas well in the Greasewood Field in Reeves County. Appellees are TXO and the Commission. This Court will affirm the district court's judgment.

TXO claims *in limine* that Texaco failed to perfect an administrative appeal by timely filing its motion for rehearing with the Commission. A timely filed motion for rehearing is required, of course, to perfect an administrative appeal to district court. Tex.Rev.Civ.Stat.Ann. art. 6252–13a § 16(e) (Supp.1986); *Vandergriff v. First Federal Savings & Loan Association,* 586 S.W.2d 841 (Tex.1979).

TXO points out that Texaco's motion for rehearing was filed on December 27, 1984, which was seventeen days after the Commission rendered its final order. TXO then observes that Tex.Rev.Civ.Stat.Ann. art. 6252–13a § 16(e) (Supp.1986) requires that the motion be filed within fifteen days after rendition of the final order.

Texaco and the Commission respond that the motion for rehearing was timely filed because the Commission's rules extend the filing deadline when the last day falls on Saturday, Sunday, or a legal holiday. 16 TAC § 1.4(a). Because the Commission was closed for the Christmas holidays on December 25 and 26, Texaco and the Commission state that the motion filed on December 27 was timely.

TXO rejoins by claiming that the Commission's rules cannot serve to extend the fifteen day statutory period for filing a motion for rehearing.

This Court considered and rejected the same argument in *Lone Star Gas Co. v. Railroad Commission,* 644 S.W.2d 166 (Tex.App.1982), rev. on other grounds, 656 S.W.2d 421 (Tex.1983). TXO's jurisdictional argument is without merit and is overruled. Texaco timely filed its motion for rehearing with the Commission.

Texaco attacks the judgment affirming the Commission's order by one point of error claiming that the Commission erred in granting the drilling permit because the permit was not required to protect correlative rights.

TXO's application sought a permit to drill a well at an exception location in Section Ten of the Greasewood Field. Texaco is the lessee of Section Nine and has a producing well in that section. Both Sections Nine and Ten are owned by the same lessor, Cornell Knight, and Section Ten like Section Nine was originally leased by Knight to Texaco and was originally developed by Texaco. Texaco's well on Section Ten recovered considerable amounts of natural gas but ultimately watered-out as the gas in the reservoir was depleted and the water encroached. At that point Texaco chose to release the acreage in Section Ten, and Knight then leased the section to TXO.

Although Section Ten is not a standard sized tract (it is 721 acres), TXO was required to apply to the Commission for an exception to the spacing rules of Rule 37. To complete a profitable well (one which would cover drilling costs), TXO would need to drill closer to the Section Nine boundary line than the ordinary spacing rules would allow, since the remaining recoverable hydrocarbons under Section Ten were located in the far southern part of the tract, near the boundary with Section Nine. The Commission, over Texaco's protest, granted TXO the exception permit to drill in the irregular location in order to prevent confiscation and to allow TXO a chance to recover its fair share of the reserves beneath its tract.

Texaco urges that the Commission erred in granting the permit to TXO because the permit was not necessary to prevent confiscation. Texaco's contention is grounded on the argument that the lessor of Section Ten, Knight, was recovering his fair share from the well on Section Nine, and would therefore have no right to an exception permit for Section Ten. Texaco reasons that a grantor cannot create rights in a grantee which the grantor, himself, did not have and therefore TXO can have no greater right to an exception permit than Knight had.

TXO replies that oil and gas lessees are recognized as mineral owners. Such lessees have a right to protection against confiscation and a right to recover their fair share of the minerals beneath their tract, which rights are separate and distinct from the rights of their lessor. The Commission accepted this argument and granted the exception permit based solely on the rights of TXO as a lessee.

In support of the agency order, TXO refers to those opinions concerning the proposition that a mineral lessee is the owner of valuable property rights and is entitled to protection from confiscation by being allowed a fair chance to recover the hydrocarbons beneath his tract. *Imperial American Resources Fund, Inc. v. Railroad Commission,* 557 S.W.2d 280 (Tex. 1977); *Railroad Commission v. DeBardeleben,* 305 S.W.2d 141 (Tex.1957); *Railroad Commission v. Gulf Production Co.,* 134 Tex. 122, 132 S.W.2d 254 (1939); *Gulf Land Co. v. Atlantic Refining Co.,* 134 Tex. 59, 131 S.W.2d 73 (1939). These opinions all contain language stating "[t]he basic right of every *landowner or lessee* to a fair and reasonable chance to recover the oil and gas under his property ..." *Imperial American,* 557 S.W.2d at 286, (emphasis added). Similarly, the Supreme Court in Gulf Land Co., *supra,* defined "confiscation" as "depriving the *owner or lessee* of a fair chance to recover the oil and gas in or under his land, or their equivalents in kind." 131 S.W.2d at 80 (emphasis added).

Texaco would characterize the statements from these Supreme Court opinions as "unfortunate use of loose language defining the confiscation theory." Texaco suggests that the Supreme Court has rejected such analysis in *Railroad Commission v. Williams,* 163 Tex. 370, 356 S.W.2d 131 (1961). Although Texaco concedes that oil and gas lessees possess property and development rights, it insists that those rights cannot be any greater than the rights of their lessor.

In *Railroad Commission v. Williams, supra,* the Supreme Court sustained a Commission order denying a permit to drill on a 1.65 acre tract as an exception to Rule 37 because the landowner applying for the permit was already receiving his fair share of the oil beneath his tract by participating in a well on an adjoining tract. In making this determination, the Court rejected language in earlier opinions which stated that each tract is entitled to a first well as a matter of law and concluded instead that the right to a well is a right of the owner of the land rather than a vested right in the land itself.

Texaco is incorrect in its statement that the Court in *Williams* rejected the language in the opinions, quoted above and relied upon by TXO, stating the right of an *owner or lessee* to a fair chance to recover the oil and gas under his property. Although the Court in *Williams* does mention

that it is the *landowner* who has the right to protection against confiscation, it also states in other parts of the opinion that "the *owners and lessees* of some small tracts are entitled to a well on their tracts as a matter of law because there is no other way to give them a fair chance to recover the oil and gas under their land." 356 S.W.2d at 136. The Court even relies upon *Railroad Commission v. Gulf Production Co., supra,* for this proposition.

It is true, as urged by Texaco, that the Court in *Williams* states that a grantee can have no greater rights to a permit than his grantor had. 356 S.W.2d at 137. The Court, however, limited the application of this rule when it stated that "[t]his rule is a necessary corollary to the voluntary subdivision rule." *Id.* An investigation of other opinions standing for this proposition reveals that those opinions involved the voluntary subdivision rule and substandard sized tracts. *Railroad Commission v. Miller,* 165 S.W.2d 504 (Tex.Civ.App.1942, no writ); *Sun Oil Co. v. Railroad Commission,* 68 S.W.2d 609 (Tex.Civ.App.1933), *aff'd sub nom,* 84 S.W.2d 693 (1935); *Bennett v. Sun Oil Co.,* 84 S.W.2d 693 (Tex. 1935); *Humble Oil and Refining Co. v. Railroad Commission,* 68 S.W.2d 622 (Tex.Civ.App.1934), *aff'd sub nom,* 83 S.W.2d 935 (1935); *Brown v. Humble Oil and Refining Co.,* 83 S.W.2d 935 (Tex. 1935).

■ Unlike *Williams* and the other opinions which state that a grantee cannot have any greater rights than those which existed in his grantor, the present appeal does not involve either the voluntary subdivision rule or a substandard sized tract. Instead, it is undisputed that the tract of land involved in this appeal is of a regular size and shape and would be entitled to a well at a regular location as a matter of law. Because the rule that a grantee can have no greater rights than his grantor had is a corollary of the voluntary subdivision rule, it does not apply in this appeal. The inapplicability of the rule to this appeal is illustrated by Texaco's concession that TXO would have had a right to a permit to drill

at an irregular location, had Knight conveyed his mineral estate to TXO outright rather than leasing it to TXO and retaining a royalty interest.

*Imperial American Resources, supra,* decided by the Supreme Court fifteen years after *Williams,* provides the strongest support for the proposition that a mineral lessee is an owner who has a right to be protected from confiscation. The Court in *Imperial American Resources* recognized "[t]he basic right of every *landowner or lessee* to a fair and reasonable chance to recover the oil and gas under his property ..." The Court in *Imperial American Resources cites Williams for this proposition.* Moreover, the facts in *Imperial American Resources* show that the permit to drill at an irregular location, which the Court sustained, is clearly based on the right of the lessee, BTA, to be protected against confiscation. The Court makes no mention of the rights of the lessor, Riggs, to an exception permit. Furthermore, the map on page 282 of the opinion indicates that Riggs was the landowner of the adjoining tract, Section eight, and was participating in a producing well on that tract. It seems likely that Riggs would not have had a right to an exception well on Tract seven since he was already recovering his fair share from the well on the adjoining tract (just as Knight is in this appeal). It seems plain that the Court in *Imperial American Resources* was relying on the *lessee's* right to protection against confiscation. Accordingly, the language concerning the right of every *landowner or lessee* to a fair chance to recover the oil and gas beneath his property is not, as Texaco claims, merely "loose language."

■ This Court has concluded that a mineral lessee does indeed have a property interest which is entitled to protection against confiscation. When substandard tracts and voluntary subdivisions are involved, the lessee's right may be limited by the rule that a grantor cannot create by conveyance greater rights than the grantor himself possessed. This rule, however, which is a corollary of the voluntary subdi-

vision rule, has no application in this appeal which involves a standard sized tract. Accordingly, the Commission correctly granted an exception permit to TXO to protect it against confiscation, and the district court correctly rendered judgment sustaining the Commission's order.

The judgment is affirmed.