Alice FLORES, Esequiel Flores, Celina Flores, Margaret Gonzales, Marcus Ortiz, Arnold Vyvial, and Felicita Arriaga, Appellants,

v.

TEXAS DEPARTMENT OF HEALTH and Fort Bend County, Appellees.

No. 3–91–440–CV.

Court of Appeals of Texas, Austin.

Aug. 12, 1992.

Rehearing Overruled Sept. 23, 1992.

Mary W. Carter, Blackburn & Carter, P.C., Houston, for appellants.

Dan Morales, Atty. Gen., Linda B. Secord, Asst. Atty. Gen., Austin, for Texas Dept. of Health.

Scott R. Kidd, Brown Maroney & Oaks Hartline, Austin, for Fort Bend County, Tex.

Before CARROLL, C.J., and JONES and KIDD, JJ.

KIDD, Justice.

This is an appeal from a suit for judicial review of a Texas Department of Health (the "Health Department") order granting a permit for expansion of a solid-waste disposal site operated by Fort Bend County (the "County"). Alice Flores, Esequiel Flores, Celina Flores, Margaret Gonzales, Marcus Ortiz, Arnold Vyvial, and Felicita Arriaga (hereinafter collectively "Appellants") filed suit in district court. The County intervened in the suit due to its interest in the permit. After the County's intervention, the district court denied a joint motion for remand filed by the Health Department and Appellants, denied a plea to the jurisdiction filed by the County, and affirmed the Health Department's order granting the expansion of the solid waste site. We will reverse the district court's judgment and render judgment remanding the case to the Health Department.

## BACKGROUND

The County applied for a permit to expand an existing Type I Municipal Solid Waste Disposal Site located west of Rosenberg, Texas.[1] The Health Department held extensive adjudicative public hearings in October and November of 1989. As is often the case with solid waste disposal permits, the Appellants' chief concern centered around the determination of the groundwater level because an error in this determination may result in groundwater contamination. The experts who testified in this case as to the groundwater level reached vastly different conclusions, supported by different sets of data. One set of experts established the seasonal high groundwater table at a depth of approximately sixty feet, while the other expert set the level at sixteen feet. Following these hearings, the Health Department issued a proposal-for-decision recommending that the permit be granted. That proposal contained the Health Department's findings of fact, including finding of fact number 83 setting the level of the seasonal high groundwater table *for design purposes* at thirty-three feet. The Health Department issued the permit on May 31, 1990. Appellants filed a motion for rehearing. After extending its time to consider the motion, the Health Department overruled the motion for rehearing on July 25, 1990. Appellants sought judicial review within thirty days of that order.

The suit for judicial review alleged that the Health Department violated various statutory provisions, erroneously failed to reopen the proceedings on the basis of new evidence, acted arbitrarily and capriciously in setting the groundwater level, and failed

1. The permit was issued pursuant to the Solid Waste Disposal Act. *See* 1989 Tex.Gen.Laws, 71st Leg., R.S., ch. 678, section 1, §§ 361.001– .345, at 2612 (codified as amended at Tex.Health and Safety Code Ann. §§ 361.001–.345) (1992)).

to base its finding of the groundwater level on substantial evidence. The Health Department filed a general denial. On July 11, 1991, the County filed an amended plea in intervention, alleging that the suit for judicial review was not timely, that the Health Department acted properly, and that sufficient evidence supported the Health Department's findings for issuing the permit. On July 12, 1991, the Health Department amended its answer to agree with Appellants that the finding on the seasonal high groundwater level lacked substantial evidentiary support in the record and was arrived at arbitrarily and capriciously. Appellants and the Health Department thereafter filed a joint motion for remand.

A hearing was held on July 19, 1991. At that time, Appellants withdrew all claims of error except the lack of substantial evidence and the arbitrary and capricious nature of the Health Department's actions. Appellants and the Health Department urged their joint motion for remand. The County urged its plea to the jurisdiction. The district court denied the joint motion, denied the plea to the jurisdiction, and rendered a final judgment finding that substantial evidence supported the Health Department's issuance of the permit.

Appellants contend in three points of error that the district court erred in finding substantial evidence to support the Health Department's finding number 83, in finding that the Health Department did not act arbitrarily and capriciously in regard to finding number 83, and in failing to grant the joint motion for remand. The County brings a cross-point, complaining that the district court erred in failing to grant its plea to the jurisdiction.

## DISCUSSION AND HOLDING

### A. County's Cross-point of Error

■ Because the County's cross-point challenges jurisdiction, we will consider it first. The County complains that the dis-

trict court lacked jurisdiction because the suit for judicial review was untimely.

This suit falls within the purview of the Administrative Procedure and Texas Register Act (APTRA).[2] According to APTRA, a motion for rehearing is overruled by operation of law if the agency does not act on it within forty-five days after notice to the parties of the agency's final decision, unless the agency issues a written order extending that time. APTRA § 16(e). In this case the forty-fifth day fell on July 15th, a Sunday. The following Monday, the Health Department issued an order extending its time to act. The County contends that the Health Department's authority to issue its extension ended on July 15th.

The Health Department relies on Rule 4 of the Texas Rules of Civil Procedure which extends deadlines that expire on a Saturday, Sunday, or a legal holiday until midnight on the following Monday or regular weekday. Tex.R.Civ.P.Ann. 4 (Supp. 1992). Applying this rule, the motion for rehearing would not have been overruled by operation of law until midnight on Monday, July 16, 1990, and the Health Department would have acted within its authority in issuing the extension order. Appellants then would have had thirty days from the order denying the motion for rehearing, issued on July 26, 1990, to file suit for judicial review. Thus, under the Health Department's construction, this suit was timely because it was filed on August 23, 1990. On the other hand, the County contends that the Health Department's time to act on the motion ended on July 15th, 1990, and that Appellants' suit, filed on August 23, 1990, was untimely. *See* APTRA § 19(b) (suit for judicial review must be filed within 30 days of final appealable decision).

The legal question presented is whether the rule of civil procedure for computing deadlines applies to deadlines set by APTRA. The Health Department argues that its own internal rules allow the application

---

**2.** *See* Tex.Rev.Civ.Stat.Ann. art. 6252–13a (Pamph.1992); *see also* Tex. Dep't of Health, 25 Tex.Admin.Code § 1.21 (1989) (requiring all De-

partment hearings to be conducted under APTRA).

of Rule 4 since they specify that motions for rehearing are governed by APTRA "or other pertinent statute." *See* Tex. Dep't of Health, 25 Tex.Admin.Code § 1.30 (1989). The Rules of Civil Procedure have the force and effect of a statute. *Missouri P.R.R. v. Cross*, 501 S.W.2d 868, 872 (Tex.1973). The Health Department argues, therefore, that the Texas Rules of Civil Procedure apply by internal procedure. We agree.

In this case, although APTRA specifies the deadline, it does not give any guidance in computing the days, e.g., when to start, which days to include, when to stop. This Court has previously looked to the Texas Rules of Civil Procedure to supplement procedural omissions from APTRA in regard to motions for rehearing.

> First, it is clear that the Legislature borrowed from the Texas Rules of Civil Procedure when it established a mandatory motion for rehearing in APTRA. Next, it is equally clear that Texas courts have looked to civil practice rules and case law relating to motions for new trial in attempting to resolve procedural issues not covered by APTRA, involving motions for rehearing.

*El Paso Elec. Co. v. Public Util. Comm'n*, 715 S.W.2d 734, 738 (Tex.App.1986, writ ref'd n.r.e.). *See Texaco, Inc. v. Railroad Comm'n*, 716 S.W.2d 138, 139 (Tex.App. 1986, writ ref'd n.r.e.) (holding that enactment of the Rule 4 computing guidelines by administrative rule was allowed under APTRA).

Since the Health Department had incorporated Rule 4 within its own administrative rules, we hold that the motion for rehearing in this case was not overruled by operation of law prior to the Health Department's extension order issued on Monday, July 16, 1990. Therefore, the district court properly denied the County's plea to the jurisdiction. The County's cross-point of error is overruled.

## B. Appellants' Points of Error

■ In points of error one and two, Appellants attack the Health Department's finding of fact number 83, concerning the seasonal high-groundwater table, asserting that it is not supported by substantial evidence and that it represents an arbitrary and capricious decision. In point of error three, Appellants contend that the trial court abused its discretion in failing to grant the joint motion for remand. Since we conclude that the Health Department's decision was arbitrary and capricious, we will sustain Appellants' second point of error on that basis and remand this case to the agency without discussing Appellants' other points of error.

Judicial review of Health Department decisions is governed by section 19 of APTRA. That section specifies both the evidence to be considered by the reviewing court and the scope of review. APTRA section 19(e) states in pertinent part:

> [W]here the law does not define the scope of judicial review, the court may not substitute its judgment for that of the agency as to the weight of the evidence on questions committed to agency discretion ... [but] shall reverse or remand the case for further proceedings if substantial rights of the appellant have been prejudiced because the administrative findings, inferences, conclusions, or decisions are:
>
> \* \* \* \* \* \*
>
> (6) arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Although a reviewing court is generally limited to the administrative record, it may admit evidence of procedural irregularities occurring before an agency if those irregularities are not contained in the record. APTRA § 19(d)(3). It is the role of this Court to determine if the Health Department acted arbitrarily and capriciously or if its findings are not supported by the record.

To support its permit application, the County included in the record reports and soil-sample data from two engineers. The data suggest widely differing levels at which groundwater was encountered. One report suggests that groundwater was first encountered at a depth of sixty feet. The other report encountered groundwater at depths ranging between sixteen and thirty-

seven feet. The Health Department's findings of fact never resolved these conflicting reports of the groundwater level.

The Health Department states in its amended answer, "The establishment of the correct water table is a crucial element in any solid waste disposal proceeding." Indeed, the Health Department's regulations make clear that the permittee must design the liner to insure that the groundwater is protected.[3] When a landfill trench drops below the groundwater level, a liner is required to prevent groundwater from seeping into the site and becoming contaminated. The farther below the groundwater level the site is excavated, the greater the water pressure on the liner and the thicker it needs to be in order to prevent seepage. Therefore, an accurate determination of the groundwater level is critical to the design of the liner.

Finding of fact 83 reads as follows:

Because there are at least two sets of seemingly valid but conflicting data concerning the seasonal high groundwater table, to be extra conservative in protecting the public health and welfare, the seasonal high water table is established to be at a depth of 33 feet across the site for design purposes.

This is the only discussion concerning the establishment of a seasonal high groundwater table in the findings of fact. We note that this finding is silent as to the *actual* level of the seasonal high groundwater table, and it gives no basis, factual or methodological, for setting the level at a depth of thirty-three feet as a precautionary measure. If the data establishing the groundwater level at sixteen feet is accurate, logic suggests a liner designed to accommodate a seasonal high groundwater table of thirty-three feet would not be strong enough to prevent groundwater contamination.

In this case, the Health Department amended its answer in the district court to admit that it had acted arbitrarily

and capriciously. The amended answer not only withdraws the general denial as to Appellants' substantial-evidence and arbitrary-and-capricious points of error, *but goes so far as to admit,*

It is the opinion of the Department that Plaintiffs are correct in their assertion that finding of fact number 83 is not supported by substantial evidence, that there was not sufficient data in the record for a proper determination, and that the water table depth that established was improperly reached by an arbitrary and capricious method—the averaging of conflicting data.

This admission is no mere acquiescence in the Appellants' argument but an affirmative representation that the Health Department failed to follow proper procedures by acting arbitrarily and capriciously. The Health Department's admission of procedural irregularities must be considered within the record as a whole in determining whether the permit needs to be remanded to the Health Department. Although not determinative, the admission creates a strong presumption that the record in this case fails to contradict. Given the state of the pleadings, the Health Department's judicial admission amounts to a virtual confession of error.

In the issuance of a waste facility permit, the Health Department represents the interest of the State by carrying out the purposes of the Solid Waste Disposal Act, which include protection of the health, welfare, and property of the people, and protection of the environment. Tex.Health & Safety Code Ann. § 361.002(a) (1992). The Health Department may utilize its special skills and knowledge in analyzing the evidence, but its discretion is bounded by the requirements of its own rules, the enabling statute, and APTRA. *See* APTRA § 14(q); *see also Dotson v. Texas State Bd. of Medical Examiners,* 612 S.W.2d 921 (Tex. 1981); *First Fed. Sav. & Loan Ass'n v. Vandygriff,* 639 S.W.2d 492, 499 n. 5, 500 (Tex.App.1982, writ dism'd); Bob E. Shan-

3. Tex. Dep't of Health, 8 Tex.Reg. 2367 (1983), *amended by* 9 Tex.Reg. 2238 (1984) *adopting* 8 Tex.Reg. 4089 (proposed rule), *amended by* 10 Tex.Reg. 3008 (1985) (since amended) (to be

codified at Tex. Water Comm'n, 31 Tex.Admin.Code § 330.65, pursuant to 17 Tex.Reg. 1646 (1992)).

non and James B. Ewbank, II, *The Texas Administrative Procedure and Texas Register Act Since 1976—Selected Problems,* 33 Baylor L.Rev. 393, 402 (1981).

■ "In determining whether an agency has acted arbitrarily or capriciously the reviewing court must decide whether the agency order was based on a consideration of all relevant factors.... There must appear a rational connection between the facts and the decision of the agency." *Starr County v. Starr Indus. Servs. Inc.,* 584 S.W.2d 352, 355–56 (Tex.Civ.App.1979, writ ref'd n.r.e.) (citations omitted). If a reviewing court finds from the record and findings of fact that the Health Department did not "engage in reasoned decision-making," it should remand the case. *See id.* at 356 (quoting *Texas Medical Ass'n v. Mathews,* 408 F.Supp. 303, 305 (W.D.Tex. 1976)).

■ Although the Health Department is given broad discretion in arriving at its findings of fact and in utilizing expert advice, the findings must still be based on evidence in the record. *Texas Health Facilities Comm'n v. Nueces County Hosp. Dist.,* 581 S.W.2d 768, 770 (Tex.Civ.App. 1979, no writ). Further, the Health Department may generally use any commonly-accepted method to calculate findings incorporated into the record, but there must be evidence in the record as to the propriety of the method chosen. *Railroad Comm'n v. Lone Star Gas Co.,* 611 S.W.2d 908, 911 (Tex.Civ.App.1981, writ ref'd n.r.e.). This Court in the *Lone Star* cases found that the Railroad Commission acted arbitrarily by utilizing a method with no evidence in the record concerning its suitability and by using a methodology when the only evidence in the record indicated it could not properly be used. *See id.* at 909–10; *Railroad Comm'n v. Lone Star Gas Co.,* 611 S.W.2d 911, 913 (Tex.Civ.App.1981, writ ref'd n.r.e.); *Railroad Comm'n v. Lone Star Gas Co.,* 618 S.W.2d 121, 124 (Tex.Civ.App.1981, no writ). Similarly, the record in this case contains no support for an averaging method to determine the seasonal high groundwater table for design purposes. Indeed, common sense suggests

that such a method might not protect the health of residents or the environment if it results in a liner not suited to conditions the Health Department admits might exist at the site. Under these circumstances, averaging might be an arbitrary and capricious procedure, especially in view of the Health Department's confession of error in that regard.

In this case, the findings of fact are silent on the proper seasonal high groundwater level. Further, the Health Department's findings of fact do not attempt to resolve the conflict between the "two sets of seemingly valid but conflicting data." Given the state of the record and the judicial admission by the Health Department, we hold that by averaging, the Health Department used a methodology not supported in the record and therefore acted arbitrarily and capriciously in violation of APTRA section 19(e)(6).

■ Appellees argue that allowing the Health Department to confess error at this late stage and remanding the permit back to the Health Department creates the "bureaucratic traps" and maze of administrative procedures which the Texas Supreme Court has disapproved. *See Texas–New Mexico Power Co. v. Texas Indus. Energy Consumers,* 806 S.W.2d 230, 232 (Tex. 1991). However, we read *Texas–New Mexico Power Co.* to condemn a bureaucratic maze where the applicant is caught in a "Catch–22 predicament." *Id.* at 231–32. No such predicament is presented in this record. We simply hold that the Health Department's own judicial admission that it acted arbitrarily and capriciously cannot be overcome by findings of fact that are otherwise silent in this regard.

Therefore, we sustain Appellants' second point of error and on that basis reverse the trial court judgment and render judgment that the proceeding be remanded to the Health Department for further proceedings consistent with this opinion.